UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LENORA BONDS, individually<br>and as Independent Administrator<br>of the Estate of TERRANCE HARRIS,<br><br>        Plaintiff,<br><br>    v.<br><br><br>CITY OF CHICAGO, a municipal<br>Corporation, and UNKNOWN<br>OFFICERS,<br>        Defendants. | Case No. 16 C 5112<br><br>Judge Joan B. Gottschall |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant the City of Chicago's Motion to Dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [9]. For the reasons set forth below, Defendant's motion is granted.

### I. BACKGROUND

Plaintiff Lenora Bond's son, Terrance Harris, was killed by Chicago police officers on October 23, 2013. According to the allegations of Plaintiff's complaint [1], Plaintiff called the police to her home seeking assistance with her son, who had been diagnosed with a mental health issue. Plaintiff's complaint further alleges that Terrance was alone and unarmed when police entered Plaintiff's home, but that within a short period of time, Terrance had been shot 28 times by police officers. Plaintiff also alleges that after her son was killed, she was taken to a Chicago police station and interrogated.

On April 14, 2015, Plaintiff filed a pro se action in the Circuit Court of Cook County against the Chicago Police Department. *See* Dkt. # 10-1. In that action, Plaintiff alleged

"wrongful death, [r]estitution of home and undue trust recompense, and compensation of $80,000.00." *Id.* However, Plaintiff failed to serve the named defendant, the Chicago Police Department, and her case was dismissed less than two months later, on June 9, 2015, for want of prosecution.[1]

On May 10, 2016, Plaintiff filed the instant action (this time with the assistance of counsel) against the City of Chicago and unknown police officers. In her complaint, Plaintiff sets forth five counts for relief: four counts under 42 U.S.C. § 1983 (excessive force, false arrest, unlawful search and seizure, and denial of medical care), each alleging a "Monell unconstitutional policy and practice claim against the City of Chicago;" and one count under Illinois state law for damage to property. Plaintiff also alleges that she sent letters in July 2014 to the Chief Administrator of the Independent Police Review Authority, the Cook County State's Attorney's Office, and the City of Chicago Law Department, requesting information about her son's case, but that these letters were ignored. Plaintiff does not attach any copies of the letters to her complaint for the court's review.

Defendant now moves for dismissal under Rule 12(b)(6) on numerous grounds, including that Plaintiff's claims are time barred by the applicable statutes of limitations and are not saved from their untimeliness by the Illinois savings statute, 725 ILCS 5/13-217. Because we agree with Defendant on this basis, we grant Defendant's motion and dismiss Plaintiff's complaint with prejudice.

## II. LEGAL ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of a complaint if it "fail[s] to state a claim for which relief can be granted." The court must accept all

---

[1] Plaintiff should have named the City of Chicago as the defendant. However, that error made no difference in the resolution of her case because she never attempted service on any defendant.

facts pleaded in the complaint as true, and must draw all reasonable inferences in the plaintiff's favor. *INEOS Polymers, Inc. v. BASF Catalysts,* 553 F.3d 491, 497 (7th Cir. 2009). In general, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief,'" *E.E.O.C v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting Rule 8(a)), with sufficient facts to put the defendant on notice "of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)) (internal quotation mark omitted) (alterations in original). To survive a motion to dismiss under Rule 12(b)(6), the complaint need not present particularized facts, but "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic,* 550 U.S. at 555).

A statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c)(1). Dismissing a claim as untimely at the pleading stage is an "unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP,* 559 F.3d 671, 674 (7th Cir. 2009). "[A] federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense." *Hollander v. Brown,* 457 F.3d 688, 691 n. 1 (7th Cir. 2006). But, a claim may be dismissed as untimely at the motion to dismiss stage if "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis,* 411 F.3d 838, 842 (7th Cir. 2005).

Defendant's motion to dismiss alleges that all counts of Plaintiff's complaint are barred by applicable statutes of limitations. Turning first to the four Section 1983 claims, the court

3

notes that this statute provides plaintiffs with a federal cause of action, but it does not contain a statute of limitations. 42 U.S.C. § 1983. For this, courts look to the personal injury laws of the state in which the injury occurred to determine the length of the statute of limitations. *Wallace v. Kato,* 549 U.S. 384, 387 (2007); *Kelly v. City of Chicago,* 4 F.3d 509, 511 (7th Cir. 1993). Illinois has a two-year statute of limitations for personal injury claims. *See* 735 ILCS 5/13–202. Thus, Section 1983 claims arising in Illinois are governed by a two-year statute of limitations. *Kelly,* 4 F.3d at 511; *Ashafa v. City of Chicago,* 146 F.3d 459, 462 (7th Cir. 1998). The applicable statute of limitations relative to Plaintiff's state law damage to property claim against the City of Chicago, a municipality, is subject to a one-year statute of limitations. *See* 745 ILCS 10/8-101(a); *Fender v. Town of Cicero*, 807 N.E.2d 606, 609 (Ill. App. Ct. 2004).

Having determined the applicable statutes of limitations, the court must then establish when Plaintiff's cause of action accrued. Federal law governs the date of accrual for a Section 1983 action. *Wallace,* 549 U.S. at 388. A Section 1983 claim accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Kelly,* 4 F.3d at 511 (quoting *Wilson v. Giesen,* 956 F.2d 738, 740 (7th Cir. 1992)). Determining the accrual date of a Section 1983 claim proceeds in two steps. First, the court identifies the injury. *See Hileman v. Maze,* 367 F.3d 694, 696 (7th Cir. 2004). Next, it determines the date "on which the plaintiff could have sued for that injury. That date should coincide with the date the plaintiff 'knows or should know' that her rights were violated." *Id*. (citing *Kelly,* 4 F.3d at 511) (internal citations omitted).

In this case, Plaintiff's entire cause of action accrued on October 23, 2013, the date her son was killed, because each of Plaintiff's five counts—excessive force, false arrest, unlawful search and seizure, denial of medical care, and damage to property—arose from the

4

circumstances surrounding Terrance's death. The date of the injury coincides with the date Plaintiff knew or should have known that her rights, or her son's rights, were violated.[2] However, Plaintiff did not file the instant lawsuit until May 10, 2016, which is more than six months past the October 23, 2015 expiration of the two-year statute of limitations period applicable to her federal claims, and more than 18 months past the expiration of the one-year limitations period applicable to her state law property damage claim. Accordingly, Plaintiff's claims are all time-barred.

Plaintiff asserts that her current action is made timely by the application of the Illinois savings statute, 735 ILCS 5/13-217. The court disagrees. This statute allows a plaintiff to refile certain (timely-filed) actions within one year of judgment, regardless of whether the applicable statute of limitations has expired in the interim.[3] However, the Illinois savings statute is inapplicable to actions dismissed for want of prosecution. Specifically, the statute provides:

> § 13-217. Reversal or dismissal. In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue. **No action which is voluntarily dismissed by the plaintiff or dismissed for want of prosecution by the court may be filed where the time for commencing the action has expired.**

---

[2] In light of the court's ruling, the court declines to visit the issue of whether Plaintiff properly brings this action on her son's behalf.

[3] Also in light of the court's ruling, the court need not discuss the timeliness of Plaintiff's state court filing.

725 ILCS 5/13-217 (emphasis added); *see also Gholson v. Lewis*, No. 07 C 3694, 2008 WL 821875, at *5 (N.D. Ill. Mar. 26, 2008). In other words, by the express language of the statute, actions involving an earlier-filed case dismissed for want of prosecution may not "be filed where the time for commencing the action has expired." *Id*. Prior to 1995, the Illinois savings statute encompassed cases that had been dismissed for want of prosecution, but the statute's amendment in 1995 expressly excluded such cases. Plaintiff's reliance on the 1991 case of *Gonzalez v. Thorek Hosp. & Med. Center*, 143 Ill.2d 28 (Ill. 1991), fails to account for the 1995 amendment. *See Gholson*, 2008 WL 821875, at *5 (noting the pre-1995 amendment of Illinois savings statute included cases refiled after dismissal for want or prosecution but that this language no longer exists within the statute).

The court also is unpersuaded by Plaintiff's assertion that Defendant received notice of the state law claims filed against it—either by means of the state court filing or by the numerous letters sent to the Chief Administrator of the Independent Police Review Authority, the Cook County State's Attorney's Office, and the City of Chicago Law Department. As noted previously, Plaintiff never attempted service on Defendant. "Due diligence in serving process is essential to [the administration of justice without delay], for it is the sole legally sufficient means of alerting defendants to the pendency of a civil suit." *O'Connell v. St. Francis Hosp.*, 492 N.E.2d 1322, 1326 (Ill. 1986). Plaintiff has presented no evidence supporting her contention that Defendant had any knowledge or notice of the filing of the state court lawsuit in the absence of service. The letters she allegedly sent to various authorities, like the City of Chicago Law Department, are to no avail.

## III. CONCLUSION

Plaintiff's complaint sets forth facts detailing the underlying incident giving rise to her current lawsuit, as well as facts detailing the filing of her state court suit. These facts are sufficient to satisfy Defendant's affirmative defense of untimeliness based on applicable statutes of limitations, as well as the inapplicability of the Illinois savings statute. For the foregoing reasons, Defendant's motion to dismiss Plaintiff's complaint [9] is granted.

Date: January 11, 2017

/s/
Joan B. Gottschall
United States District Judge