IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LENORA BONDS, individually and as Independent Administrator of the Estate of TERRANCE HARRIS, | ) ) ) ) | Case No. 16-cv-05112 |
| Plaintiff, | ) ) ) | Hon. Joan B. Gottachall |
| | ) ) | Magistrate Judge Kim |
| v. | ) ) | Jury Trial Demanded |
| CITY OF CHICAGO, a municipal Corporation, and UNKNOWN OFFICERS | ) ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT
CITY OF CHICAGO'S MOTION TO BIFURCATE ISSUES**

Plaintiff, by and through her attorneys, respectfully submits the following Sur-Reply in Opposition to the City of Chicago's Motion to Bifurcate Issues, and states as follows:

**ARGUMENT**

**I. The City's New Argument About Depositions**

1. In its Reply, the City erroneously argues that under its bifurcation proposal no witnesses will need to be deposed twice. In its Reply, the City says for the first time that it will "allow" Plaintiff to depose each witness on the "*entirety of their knowledge*," during the first phase of the case, so no witnesses will need to sit for a second deposition during the second phase of the case *after* Monell discovery is produced. City Reply at p. 4 (emphasis added).

2. This argument lacks merit. To prove her *Monell* claim, Plaintiff needs to question many of the officers and supervisors who were on scene and dispatchers, among others, on topics related to her *Monell* claims—i.e., *their* understanding of the City's CIT program and the City's

disciplinary system. The City's bifurcation proposal forces Plaintiff to depose these witnesses without the benefit of having received *any* Monell discovery on these issues. Without having received any Monell documents or interrogatory answers, how can Plaintiff be expected to ask witnesses ***informed questions*** at their depositions about topics related to her Monell claim? Obviously, she cannot, which is why the City's bifurcation proposal is extremely prejudicial to Plaintiff and would require many witnesses to be deposed a second time after Monell discovery is produced.

    **II.**    **Correcting the Record about the Burden of *Monell* Discovery**

    3.    To make sure the record is clear: The City ***now*** admits in its Reply (albeit, not in a forthright way) that it relied on misleading statements about the burden of Monell discovery in its Motion. Specifically, it claimed in its Motion that if Monell discovery goes forward, it would incur the burden of having to redact and produce 170 police-involved shooting investigations. In its Reply, the City now admits this was incorrect, but it does so in a circuitous way. Because the City relies so heavily on the alleged burden of Monell discovery, and these files are an important part of Plaintiff's evidence, this misstatement bears mention.

    4.    The City also continues to hide the ball about the burden of Monell discovery in its Reply when it contends for ***first time*** that any discovery regarding the City's ***CIT program*** would not only be burdensome (which it argued in its Motion), but would be *especially* burdensome *because* such discovery "would be *new* work for [City] to undertake." While it will certainly be work for the City to produce CIT documents, it is not entirely *new* work as the City contends. This is because the City recently produced a large amount of CIT documents to the Department of Justice and the Mayor's Task Force. So, contrary to what the City says in its Reply, this case will not be the first time the City has had to look for and produce documents of

2

substance related to its CIT program. It has done so twice in the last two years.[1] Thus, the burden of producing these documents here is not nearly as great as the City contends.

## I. CONCLUSION

Wherefore, for the foregoing reasons, Plaintiff respectfully requests that the Court deny the City's Motion to Bifurcate Issues.

Dated: September 27, 2017 Respectfully submitted,

/s/ Daniel Nixa
THE NIXA LAW FIRM, LLC
444 N. Michigan Ave., Suite 1200
Chicago, IL 60611
(312) 870-0393
dan@nixalawfirm.com

*Attorneys for the Plaintiff*

---

[1] *See e.g.*, The Department of Justice's Report on the Chicago Police Department, at pages 38-40, https://www.justice.gov/opa/file/925846/download

**CERTIFICATE OF SERVICE**

  I certify that on September 27, 2017, I served a true and accurate copy of Plaintiff's Sur-Reply in Opposition to Defendant's Motion to Bifurcate Issues on all counsel of record via the Court's ECF system.

/s/ Daniel Nixa