# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LENORA BONDS, as Independent Administrator of the Estate of TERRANCE HARRIS, <br><br> Plaintiff, <br> v. <br><br> CITY OF CHICAGO <br><br> Defendant. | Case No. 16-cv-5112 <br><br> Judge Joan B. Gottschall |

## MEMORANDUM OPINION AND ORDER

Defendant City of Chicago ("defendant" or "the City") has moved for summary judgment, contending that plaintiff's original state court *pro se* complaint was never served on the defendant, is thus not saved by the Illinois Savings Statute, 735 ILCS 5/13-217, and is therefore time-barred.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for judgment, the "facts must be viewed in the light most favorable to," and all reasonable inferences from that evidence must be drawn in favor of, "the nonmoving party[– but] only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The facts relating to the procedural history of this case are basically uncontroverted. On October 23, 2013, unnamed Chicago police officers shot Terrance Harris ("Harris"), son of plaintiff Lenora Bonds ("Bonds"), and Harris died shortly thereafter. Def.'s Stmt. Undisputed Material Facts ("SUMF") ¶¶ 2, 3, ECF No. 67. On April 14, 2015, approximately 18 months

1

later and 6 months before the applicable two-year limitations period expired, plaintiff filed a *pro se* lawsuit against the "Chicago Police Department" in the Circuit Court of Cook County alleging "wrongful death" and damage to her property. Pl.'s Resp. to Def.'s SUMF ¶ 4, ECF No. 71.

Plaintiff has provided uncontroverted evidence that she filed her complaint "with virtually no information from the City about what happened in her home when her son was killed and who the officers were the [sic] were involved in the shooting. . . ." Pl.'s Ans. to Def.'s 2d Set of Interrog. ¶¶ 1, 2, ECF No. 73. Because she was acting *pro se* and without sophisticated legal knowledge when she filed her complaint, plaintiff did not know that she needed to take any additional actions to notify the defendant beyond paying the $567 filing fee and filing copies of the complaint with the Clerk for the Circuit Court of Cook County. *Id.* ¶2.

Less than two months later, on June 9, 2015, the Circuit Court dismissed plaintiff's lawsuit for want of prosecution. Pl.'s Resp. to Def.'s SUMF ¶ 5. Plaintiff, unaware that she was supposed to appear in court, was not present. Pl.'s Ans. to Def.'s 2d Set of Interrog. ¶ 2. The record does not indicate that plaintiff was notified of this court proceeding or of the dismissal of her case. For whatever reason, she did not attempt to revive her lawsuit. Pl.'s Resp. to Def.'s SUMF ¶ 8. But less than a year later, on May 7, 2016, plaintiff consulted with her present attorney who filed this federal 42 U.S.C. § 1983 action on her behalf three days later, on May 10, 2016, and served the City three days after that, on May 13, 2016. Pl.'s Resp. to Def.'s SUMF ¶ 8, 9. Service was accomplished approximately 6 ½ months after the statute of limitations expired.

While the City characterizes the issue in this case as a statute of limitations issue, Illinois cases seem to characterize it slightly differently, as an issue of acting with due diligence in

effectuating service.[1] When plaintiff's state court complaint was dismissed for want of prosecution on June 9, 2015, the Illinois Savings Statute, 735 ILCS 5/13-217 ("§ 13-217"), gave her a year to refile her case without running afoul of the statute of limitations. She refiled her counselled complaint on May 10, 2016, a month short of that deadline, so she refiled within the limitations period. The text of § 13-217, which has undergone many changes, but which the parties appear to agree is applicable in the form set forth below, states as follows:

> In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if . . . the action is dismissed [for want of prosecution] . . . then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff . . . may commence a new action within one year or within the remaining period of limitation, whichever is greater, after . . . the action is dismissed [for want of prosecution].

735 ILCS 5/13-217.

Under Illinois law, however, § 13-217 is subject to Illinois Supreme Court Rule 103(b), which provides:

> If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice . . . . [In either case] the dismissal may be made on the application of any party or on the court's own motion.

A Rule 103(b) motion takes precedence over a plaintiff's ability to benefit from § 13-217, meaning that a plaintiff's lack of diligence in effectuating service may deprive the plaintiff of the benefit of § 13-217. *See O'Connell v. St. Francis Hosp.*, 492 N.E.2d 1322 (Ill. 1986). A motion to dismiss for lack of diligence in effectuating service (or a summary judgment motion based on

---

[1] Federal courts borrow Illinois' two-year limitations period of for personal injury suits, Illinois' Savings Statute, and coordinate Illinois tolling rules, including Rule 103(b), in § 1983 suits. *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 632–24 (7th Cir. 2007); *Mares v. Busby*, 34 F.3d 533, 536 (7th Cir. 1994); *Granger v. Rauch*, 388 F. App'x 537, 541–42 (7th Cir. 2010).

3

Rule 103(b) as in this case) is addressed to the sound discretion of the trial court, and the ruling may be overturned only for an abuse of discretion. *Galvan v. Morales*, 292 N.E.2d 36, 37 (Ill. App. Ct. 1st Dist. 1972). The reasonable diligence requirement of Rule 103(b) is not based upon the plaintiff's subjective intent but is evaluated objectively. *Long v. Elborno*, 922 N.E.2d 555, 564 (Ill. App. Ct. 1st Dist. 2010). The factors the court is asked to consider in ruling on a Rule 103(b) motion are (1) the length of time used to effectuate service of process; (2) the activities of the plaintiff during that period; (3) whether the plaintiff knew of the defendant's location; (4) whether the defendant's whereabouts could have been easily ascertained; (5) whether the defendant actually knew of the pendency of the action; (6) special circumstances bearing on the plaintiff's efforts; and (7) actual service on the defendant. *Id.* at 564.

Illinois law, and the few federal cases following it involving *pro se* plaintiffs, indulge in the fiction that "*pro se* litigants are presumed to have full knowledge of applicable court rules and procedures." *Voogd v. Pavilion Found.*, 122 F. App'x 850, 852 (7th Cir. 2004) (quoting *Steinbrecher v. Steinbrecher*, 759 N.E.2d 509, 517 (Ill. 2001)).

This case is controlled by the Illinois Supreme Court's decision in *Case v. Galesburg Cottage Hospital*, 880 N.E.2d 171 (Ill. 2007).[2] There, the Illinois Supreme Court held that in calculating the time spent in effectuating service for purposes of a Rule 103(b) motion, only the time that the case was actually pending should be considered. Plaintiff's case was pending for approximately 56 days before it was dismissed for want of prosecution (April 14, 2015-June 9, 2015). Pl.'s Resp. to Def.'s SUMF ¶¶ 4, 5. It was refiled on May 10, 2016 and served 3 days later, adding 3 days to plaintiff's total. *Id*. at 10. So the period during which plaintiff's complaint was pending without service, for Rule 103(b) purposes, was no more than 60 days. As

---

[2] The *Galesburg* holding applies in the case of dismissals for want of prosecution. *See Bank of N.Y. Mellon v. Laskowski*, 104 N.E.3d 1145, 1150 (Ill. 2018).

4

defendant concedes, "This is, admittedly, less than in other cases where courts have granted motions to dismiss under Rule 103(b)." Reply 4, ECF No. 77. And if there are Illinois cases dismissing a case on Rule 103(b) grounds when the case was pending for just two months before service, this court is unaware of them. The first Rule 103(b) factor, the length of time the case was pending before service, overwhelmingly favors plaintiff.

In view of the short time in which the case was pending before service, it is probably not necessary to evaluate the other Rule 103(b) factors, although the City invites the court to do so. Factor 2, plaintiff's efforts to effectuate service during the period before service, favors defendant, because plaintiff, not realizing she had to effectuate service, did not do so until she retained counsel. Factors 3 and 4, whether the plaintiff knew of the defendant's location and whether the defendant's whereabouts could have been easily ascertained, are difficult to analyze in this case. Plaintiff, not having witnessed the incident at issue, did not know who the proper defendants were or where they could be found. She sued the Chicago Police Department ("CPD"), a non-suable entity. The court assumes it would have been easy to find the CPD, and the fact that it was a non-suable entity would have been raised as a defense. Plaintiff, of course, did not understand that she had to locate and name the proper defendant and did not. However, plaintiff was, during the entire period between her son's death and the service of the complaint, actively trying to figure out who was responsible. She was not doing nothing. That aside, though, in cases looking at much longer delays than 60 days, courts would find that these factors favor defendant.

Factors 5 and 6 are also, in this case, somewhat unusual. The City did not know of the pending action before service, but the City was in control of the facts, was apparently conducting two separate investigations, and had contact with the plaintiff that should have made it aware that

she was trying to get information on the occurrence. Def.'s Resp. to Pl.'s SUMF ¶ 3. Unlike many of the reported cases, the City's awareness of the facts of the incident and its activities in conducting two independent investigations (as well as the common knowledge that police shootings frequently lead to lawsuits) should not have left it completely in the dark such that (as is the concern that motivates most Rule 103(b) cases) witnesses would disappear, memories would fade, and the defense would be significantly prejudiced by the delay. Plaintiff's ongoing interaction with the City, and her repeated efforts, at least some of which had to be known to the City, to find out what happened in connection with an event she had not witnessed, also distinguish this case from the generality of Rule 103(b) cases.[3]

Finally, there is some relevance to the fact that plaintiff did not wait until the statute of limitations was about to run to file her suit but did so 6 months in advance of the running of the statute. Unlike some reported cases, where a plaintiff voluntarily dismissed a case to get the benefit of § 13-217 and get around the statute of limitations, *see, e.g., Hinkle v. Henderson*, 135 F.3d 521, 524 (7th Cir. 1998) (plaintiff filed on the eve of the running of the statute of repose, waited 8 months before voluntarily dismissing, and refiled 11 months later, thus attempting to get another year on the basis of the savings statute), Bonds was ignorant but not manipulative. Further, when she finally consulted a lawyer, the lawyer wasted no time, filed suit, and served the summons and complaint almost immediately. Pl.'s Resp. to Def.'s SUMF ¶ 9, 10.

The mere two-month lapse of time between plaintiff's initial filing and service strongly favors denying defendant's motion. But in addition, the court concludes that other circumstances do as well: the imbalance of knowledge between the City and the plaintiff; the fact that there is

---

[3] Trying to get information on what had happened, plaintiff sent a letter to Liza Franklin, Deputy Corporation Counsel, for the City in November 2015, and sent a letter to Ilana Rosenzweig of the Independent Police Review Authority in March 2016. Pl.'s Ans. to Def.'s 2d Set of Interrog. ¶¶ 8, 9. No information was provided to her.

no evidence that plaintiff was even aware that her case had been dismissed two months after it had been filed; the fact that unlike many plaintiffs in Rule 103(b) cases, she did not manipulate the system by voluntarily dismissing her case; and the alacrity with which her lawyer got a complaint on file and service effectuated. Dismissal of her case would be completely unjustified.

Defendant's motion for summary judgment is therefore denied.


Date: March 27, 2019                              /s/
                                                  Joan B. Gottschall
                                                  United States District Judge